Washburn, J.
Heard on demurrer to answer.
This case presents a novel question of practice. The plaintiff, in his second amended petition, seeks to recover damages for his cattle which were killed upon the defendant’s railroad track.
It appears by the petition that they were killed on the 8th day of September, 1'899, and the petition in this case was filed on August 30, 1905, more than four years and a little less than six years after the cattle were killed.
The railroad company answered that petition, and set up as a third defense that the cause of action set forth in the second amended petition did not accrue within four’ years before the commencement of the action; and the plaintiff has filed a demurrer to said third defense, on the ground that it does not state facts sufficient to constitute a cause of defense in favor of said defendant and against said plaintiff.
A reading of the petition leaves the court in doubt as to just the kind of an action the plaintiff seeks to recover on. That is, as to whether he is seeking to recover upon a common law liability for the defendant’s wrongful and negligent management of its train, which resulted in injury to the cattle, or whether he is seeking to recover upon a liability created by the statute, which requires the railroad company to fence its right of way and provide cattle guards at crossings, etc. Section 3324, Re^vised Statutes.
If the recovery is sought upon the common law liability, the statute of limitations is a-bar to the same; but, if the recovery is sought solely upon the statutory liability, the action having been brought within six years, is not barred by the statute of limitations, 44 O. S., page 12.
The allegations of the petition on this subject are as follows:
/‘That said defendant on or about the 8th day of September, 1899, and prior thereto had negligently and carelessly failed to *9 construct and maintain a fence sufficient to turn stock on the east side of its right of way in said village of Wellington, at or near a point where the Wheeling & Lake Brie Railroad crosses defendant’s right of way, and between said Wheeling & Lake Erie Railroad crossing and said Magyar street, and had negligently and carelessly failed and neglected to construct and maintain cattle-guards where said public highway used by the public crosses said railroad sufficient to prevent domestic animals from going upon said right of way of defendant company, to-wit, where said defendant’s railroad crosses said Magyar street. The defendant’s omission to so construct and maintain said cattle-guard and said fence allowed domestic animals to stray upon the tracks of defendant’s said railroad. That plaintiff owned and was possessed of certain cattle, about twenty dairy cows, which cattle were being unloaded from a car of the Wheeling & Lake Erie Railroad, which crosses said defendant company ’s right of way; that said cattle then and there, on or about said 8th day of September, 1899, by reason of the carelessness and negligence of the defendant in failing and neglecting to fence and maintain cattle-guards, and without fault of this plaintiff, strayed upon the right of way of defendant company.
“Avers that 'defendant negligently and carelessly run and managed one of its locomotives with train of cars attached thereto over its said road at said time and place at a high rate of speed, so that the same was run against and over said cattle, whereby four of said cattle were killed and others seriously injured at said time and place by said train of defendant company.
“Plaintiff avers that the defendant was guilty of negligence and carelessness in managing its said train of cars with locomotive attached thereto, and in failing to discover said cattle upon the right of way of defendant company, when by the exercise of ordinary care defendant might have discovered said cattle in time to have avoided killing or injuring them.”
The demurrer to the defense set up in the answer searches the record, and ordinarily if the petition sets forth a cause of action, which is not barred by the four-year limitation, the demurrer should be sustained.
The petition alleges that the defendant is a railroad company, owning and operating a railroad; that it negligently and carelessly failed to construct and maintain a fence sufficient to turn stock at a certain point on its railway, and negligently and *10 carelessly failed and neglected to construct and maintain cattle-guards where the public highway used by the public crosses said railroad, sufficient to prevent domestic animals from going upon said right of way, and that said cattle on the day mentioned “by reason of the. carelessness and negligence of the defendant in failing and neglecting to fence and maintain cattle-guards, and without the fault of the plaintiff, strayed upon the right of way of the defendant company. ” ■
Then if there had followed an allegation that the cattle were killed or damaged “by reason of the want or insufficiency of such fence or cattle-guards or any neglect or carelessness in the construction thereof, or in beeping the same in repair,” the petition would probably have stated a cause of action under the statute. But the petition contains no such allegation. There is no allegation in the petition ¡that the cattle were billed or damaged by reason of the want of insufficiency of such fence or cattle-guards; but there is an allegation that “the defendant negligently and carelessly ran and managed one of its locomotives with train of cars attached thereto, over its said road at said time and place at a high rate of speed, so that the same was run against and over said cattle, whereby four of said cattle were billed and others seriously injured at said time and place by said train of defendant company.”
And that—
“The defendant was guilty of negligence and carelessness in managing its said train of cars with locomotive attached thereto, and in failing to discover said cattle upon the right of way of the defendant company, when by the exercise of ordinary care defendant might have discovered said cattle in time to have avoided killing or injuring them.1 ’
It is apparent that the petition does not allege as a ground of recovery the killing of the cattle by reason solely of defendant’s omission to construct ámd keep in good repair good and sufficient fences and cattle-guards to turn stock along the line of its road, by reason of which neglect and omission the plaintiff’s cattle were run over and killed.
The petition does state facts sufficient to constitute a cause of action under the common law. But it does not clearly state *11 facts sufficient to constitute a cause of action for liability created by .the statute. And under such circumstances it seems to me that the proper thing for the court to do is to overrule the demurrer.
Skiles, Green é Skiles and J. T. Haskell, for plaintiff.
E. G. <& H. C. Johnson, for defendant.
I am constrained to do this, for the further reason, that if the demurrer be sustained, then the defendant is precluded upon the trial of the case from insisting upon the statute of limitations as against its common law liability, which is clearly set forth in the petition; the rule being that the defense of the statute of limitations must be plead in order that it may be relied upon at the trial.
The statute of limitations being a complete defense to the common law liability, the petition ought to be amended so as to clearly state facts sufficient to constitute a cause of action under the statute, and should be confined to that, so that the defendant may squarely meet that issue and not be prejudiced upon the tidal of the ease by matters which are clearly barred by the statute of limitations.
But this is only a suggestion, for it is sufficient for the disposition of this demurrer that it does not clearly appear in the petition that said cattle were killed or injured by reason of the defendant’s omission to construct and keep in good repair good and sufficient fences and cattle-guards, etc.
The demurrer will, therefore, be overruled and exception noted for the plaintiff.